UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, Jr., Booking No. 19734785,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE; SHERIFF DEPUTIES DOES 1-3; METROPOLITAN TRANSIT POLICE DOE 1,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-0652-AJB-RBB<br><br>**ORDER**<br><br>**1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS (ECF Nos. 4, 6, 8)**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

　　　David Bryan Turner, Jr. ("Plaintiff"), incarcerated at the George Bailey Detention Facility[1] ("GBDF") in San Diego, California, has filed a pro se civil rights Complaint

---

[1] According to the San Diego County Sheriff's Department's website, Turner was last booked on June 4, 2019, has been sentenced, and is serving his prison term in San Diego Superior Court Case No. SCD282052 in local custody. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=zRQs IHv WI OkylpP4ARqdZiQYVorV1xdJ7ApeWLojNrs%3d (last accessed June 10, 2020). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

pursuant to 42 U.S.C. Section 1983.  (*See* ECF No. 1, Compl.)  Plaintiff alleges that his constitutional rights have been violated by unnamed San Diego County Sheriff Deputies while housed at GBDF.  (*See id.* at 3, 4.)  In addition, Plaintiff alleges that in October of 2018 excessive force was used against him by unnamed San Diego County Sheriff Deputies and unnamed Metropolitan Transit Officers ("MTS").  (*Id.* at 6.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing, and instead filed three Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF Nos. 4, 6, 8.)

## I.     Motions to Proceed In Forma Pauperis

### A.     Standard of Review

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (hereafter "*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams*, 775 F.3d at 1185, the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the

---

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Cervantes*, 493 F.3d at 1052 (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

The Court takes judicial notice of its own dockets on PACER which show Turner has filed more than thirty similar cases over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, County Sheriff's Department officials, and MTS.[3]

---

[3] *See* https://ecf.casd.uscourts.gov (last accessed June 9, 2020). A court may take judicial notice of its own records, *see Molus v. Swan*, No. 05cv452-MMA(WMc), 2009 WL 160937, *2 (S.D. Cal. 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other

**B.     Imminent Danger Exception**

Here, Plaintiff alleges that he is in imminent danger of serious injury "because of the Covid-19." (Compl. at 3.)  Plaintiff claims that he is "feeling sick and needs medical care." (*Id.*)  He further claims that the conditions of his confinement are overcrowded which has "placed [Plaintiff] and others in imminent danger of getting Covid-19." (*Id.*)

The Court finds that these allegations are sufficient to find that Plaintiff has alleged that he may be in "imminent danger" at the time he filed this action, and thus, is entitled to proceed IFP.

**C.     IFP**

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motions, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2.  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity.

---

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

(*See* ECF No. 6 at 4.)  This document shows that Plaintiff had an available balance of just $0.01 at the time of filing.  (*See id*.)

Therefore, the Court **GRANTS** Plaintiff's Motions to Proceed IFP (ECF Nos. 4, 6, 8), but declines to impose an initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Watch Commander of George Bailey Detention Facility, or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

**II.   Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

1     "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

    B. <u>Plaintiff's Factual Allegations</u>

    Plaintiff alleges that he is "in imminent danger of serious injury because of the Covid-19." (Compl. at 3.) Plaintiff claims he is "feeling sick and needs medical care" but he has been denied medical treatment "for weeks." (*Id.*)

    Plaintiff alleges that the "County of San Diego and William D. Gore continue to house 3 persons in cells" that have a maximum capacity for two people. (*Id.*) As a result, Plaintiff claims that this has placed him and "other's in imminent danger of getting Covid-19." (*Id.*)

    On October 18, 2018, Plaintiff alleges he was denied medical care at the San Diego Central Jail for "injuries caused by County of San Diego [Sheriff] Deputies a week before

at the Lemon Grove Trolley." (*Id.* at 5.) Plaintiff also alleges that he was "abused by the County of San Diego and MTS." (*Id.*) He further claims that the "County of San Diego and MTS continue to practice overly excessive force that injured [Plaintiff] in the past." (*Id.*)

On October 13, 2018. Plaintiff allege he was injured by MTS Officers and County of San Diego Sheriff Deputies when they "slammed [Plaintiff] on his face after applying overly tight hand-cuffs." (*Id.* at 6.) He claims he was taken to the San Diego Central Jail where he was "denied medical care for his broken hand." (*Id.*)

Plaintiff seeks injunctive relief, $21,000,000 in compensatory damages, $21,000,000 in punitive damages, and states he is "willing to accept settlement for $10,000,000 for all injuries." (*Id.* at 9.)

C.  42 U.S.C. Section 1983

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.  Duplicative claims

As an initial matter, the Court DISMISSES Plaintiff's claims arising from actions he alleged occurred on October 13 and October 18, 2018. (*See* Compl. at 5-6.) These claims are subject to sua sponte dismissal because the are duplicative of other civil rights Complaints he filed in the Southern District of California. *See Turner v. United States of America, et al.,* S.D. Cal. Civil Case No 3:19-cv-01305-JAH-MDD; *Turner v. State of California, et al.*, S.D. Cal. Civil Case No. 3:19-cv-02363-BAS-LL; *Turner v. County of San Diego, et al.*, S.D. Cal. Civil Case No. 3:20-cv-00163-JAH-AHG.

///
///
///

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

Because Plaintiff previously sought to bring the identical claims presented in the instant action against the same parties in above referenced actions, the Court must dismiss these duplicative claims. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1. This dismissal is with prejudice and Plaintiff may not re-allege them in an amended complaint.

E. Eighth Amendment claims

As stated above, Plaintiff has alleged that he is ill and is being denied medical attention. *See* Compl. at 3.

In order to determine whether Plaintiff has pleaded a plausible claim for relief against any named Defendant based on their alleged denials of his request for medical treatment, the Court must review Plaintiff's Complaint and decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

///

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Here, Plaintiff fails to plead facts to show that he suffers from an objectively serious medical need. Plaintiff alleges he is "sick" but does not describe his illness or any symptoms from which he is suffering. (Compl. at 3.)

However, even if the Court were to assume Plaintiff's health conditions are sufficiently serious, his pleading fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference" to those needs. *McGuckin*, 974 F.2d at 1060; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Specifically, Plaintiff fails to identify any single individual or GBDF employee who denied him medical attention. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

To state an Eighth Amendment claim, Plaintiff's Complaint must contain "sufficient factual matter," and not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Plaintiff offers no specific factual allegations with regard to the purported failure to provide him medical attention nor does Plaintiff identify any specific individual whom he claims denied him medical attention.

Accordingly, the Court finds that Plaintiff fails to state a plausible Eighth Amendment inadequate medical care claim and therefore, this claim must be dismissed for failing to state a claim upon which relief may be granted.

F.  <u>County of San Diego and William Gore</u>

To the extent Plaintiff also asserts a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Social Servs,* 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

While William Gore, the San Diego County Sheriff is a "person" subject to suit under § 1983, there are no specific factual allegations as to this Defendant. Plaintiff only

alleges that he is the "law enforcement for the County of San Diego and MTS." (Compl. at 2.)

These types of broad and conclusory allegations fail to plausibly show how, or to what extent, Gore may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). As pleaded, Plaintiff plainly seeks to hold Gore liable for the acts of unidentified subordinates. But "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged).

For all these reasons, the Court finds Plaintiff fails to state a claim against the County of San Diego or Gore, and therefore, all claims against these Defendants must be dismissed for failing to state a claim upon which relief may be granted.

G.  Leave to Amend

For all these reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which Section 1983 relief can be granted and dismisses it sua sponte in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Having now provided Plaintiff with "notice of the deficiencies in his complaint," however, the Court will also grant Plaintiff an opportunity to fix his Eighth Amendment claims only, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

Plaintiff's claims arising from events that occurred in October of 2018 are DISMISSED without leave to amend.

### III.     Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 4, 6, 8).

2. **DIRECTS** the Watch Commander of George Bailey Detention Facility, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b) and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  June 11, 2020

Hon. Anthony J. Battaglia
United States District Judge