UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, Jr., Booking No. 19734785,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE; SHERIFF DEPUTIES DOES 1-3; METROPOLITAN TRANSIT POLICE DOE 1,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-0652-AJB-RBB<br><br>**ORDER**<br><br>**1) DENYING MOTION TO APPOINT COUNSEL**<br><br>**AND**<br><br>**2) GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 11]** |

　　　David Bryan Turner, Jr. ("Plaintiff"), incarcerated at the George Bailey Detention Facility[1] ("GBDF") in San Diego, California, has filed a pro se civil rights Complaint

---

[1] According to the San Diego County Sheriff's Department's website, Turner was last booked on June 4, 2019, has been sentenced, and is serving his prison term in San Diego Superior Court Case No. SCD282052 in local custody. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=zRQs IHv WI OkylpP4ARqdZiQYVorV1xdJ7ApeWLojNrs%3d (last accessed August 5, 2020). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to

pursuant to 42 U.S.C. Section 1983.  (*See* ECF No. 1, Compl.)  Plaintiff alleged that his constitutional rights have been violated by unnamed San Diego County Sheriff Deputies while housed at GBDF.  (*See id.* at 3, 4.)  In addition, Plaintiff alleged that in October of 2018 excessive force was used against him by unnamed San Diego County Sheriff Deputies and unnamed Metropolitan Transit Officers ("MTS").  (*Id.* at 6.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing, and instead filed three Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF Nos. 4, 6, 8.)

On  June 11, 2020, the Court GRANTED Plaintiff's Motions to Proceed IFP and DISMISSED his Complaint for failing to state a claim.  (ECF No. 9.)  Plaintiff was granted leave to file an amended complaint to correct the problems with his pleading identified in the Court's Order.  (*Id.*)

On June 25, 2020, Plaintiff filed a Motion to Appoint Counsel and also requested an extension of time to respond to the Court's June 11, 2020 Order.

## II.     Motion for Appointment of Counsel

Plaintiff requests that the Court appoint him counsel to help him "submit papers" in this matter.  *See* ECF No. 11 at 1.  All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a

---

the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5511998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed in the Court's June 11, 2020 Order, Plaintiff has yet to show he is likely to succeed on the merits of the claims. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 11).

### III.    Conclusion and Orders

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 11);
2. **GRANTS** Plaintiff's Motion for Extension of Time to File First Amended Complaint (ECF No. 11) and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section

1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  August 7, 2020

Hon. Anthony J. Battaglia
United States District Judge