UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR., BOOKING #197347785,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>  Defendants. | Case No.  20cv0652-AJB (RBB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On April 2, 2020, Plaintiff David Bryan Turner, Jr., while incarcerated the George Bailey Detention Facility in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed in forma pauperis. (ECF Nos. 1-2.)  Plaintiff alleged that excessive force was used against him by unnamed San Diego County Metropolitan Transit Officers in October 2018, and that unnamed San Diego County Sheriff's Deputies denied him adequate medical care while he was housed at the George Bailey Detention Facility in March 2020.  (ECF No. 1 at 1-6.)  On May 11, 2020, the Court denied Plaintiff's motion to proceed in forma pauperis without prejudice for failure to include required financial documentation.  (ECF No. 3.)  Plaintiff thereafter filed three motions to proceed in forma pauperis.  (ECF Nos. 4, 6, 8.)

On June 11, 2020, the Court granted Plaintiff leave to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  (ECF No. 9.)  Those statutes require a Court to sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  Applying those statutes, the Court found the claims in Plaintiff's Complaint relating to excessive use of force by the Transit officials were duplicative of several other civil rights cases Plaintiff had filed in this Court, and that the denial of medical care allegations failed to state a claim upon which relief may be granted.  (*Id*. at 7-11.)  The Court notified Plaintiff of the deficiencies of his pleading, dismissed the Complaint without prejudice, granted thirty days leave to amend, on or before July 13, 2020, and instructed him that if he failed to timely file an amended complaint the Court would enter a final Order dismissing this action based on his failure to state a claim and failure to prosecute.  (*Id*. at 13, citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."))

On June 24, 2020, Plaintiff filed a motion for appointment of counsel and a request for extension of time to amend.  (ECF No. 11.)  On August 7, 2020, the Court denied the motion for appointment of counsel and granted Plaintiff an extension of time to amend, on or before October 6, 2020.  (ECF No. 12.)  The Court repeated its caution that a failure to amend would result in the entry of a final order of dismissal.  (*Id*. at 3-4, citing *Lira*, 427 F.3d at 1169.)

Over ten months have elapsed since the time to amend has passed and Plaintiff has not amended in compliance with this Court's Order or otherwise contacted the Court.  This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute

or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Because the Court informed Plaintiff of the defects of his pleading and provided ample time to file an amended complaint but he has not amended or contacted the Court, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with the docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (noting that the court is not required to exhaust all alternatives prior to dismissal). In light of Plaintiff's failure to contact the Court or otherwise respond to the Court's prior Order requiring amendment, factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Although factor three does not weigh in favor of dismissal, *see Pagralunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."), that factor alone is insufficient to avoid dismissal. *See Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) ("While the public policy favoring

disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor.")

Weighing these factors, the Court finds dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("we may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal.") (internal citation omitted), quoting *Ferdik*, 963 F.2d at 1263.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) based on Plaintiff's failure to state a claim upon which relief may be granted, and for failure to prosecute by amending his Complaint as required by Court's June 11, 2020 and August 7, 2020, Orders requiring amendment. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: August 20, 2021

Hon. Anthony J. Battaglia
United States District Judge